IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MATTHEW J. BRUNO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Civil No.  12-cv-864-CJP |
| ) | |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social** ) | |
| **Security,** ) | |
| ) | |
| **Defendant.**[1] ) | |

### MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

On January 10, 2014, this case was assigned to the undersigned for final disposition upon consent of the parties. **See, Doc. 32**.

Before the final consent was filed, this Court issued a Report and Recommendation, **Doc. 25**. Defendant filed objections at **Doc. 26**, to which plaintiff responded at **Doc. 27**.

After carefully considering defendant's objections, the Court remains convinced of the correctness of its position.  As explained in the Report and Recommendation, the ALJ erred in ignoring medical evidence supporting plaintiff's testimony that he had to elevate his legs to relieve numbness in his feet. Both treating neurologist Lori Guyton and a vascular specialist at the Mayo Clinic

---

[1] Carolyn W. Colvin was named Acting Commissioner of Social Security on February 14, 2013. She is automatically substituted as defendant in this case. See Fed. R. Civ. P. 25(d); 42 U.S.C. §405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

1

documented objective abnormalities in plaintiff's feet.  Dr. Guyton diagnosed "Bilateral feet numbness, likely representing peripheral neuropathy, which has been clinically diagnosed."  (Tr. 501-502).   The vascular specialist suspected "Likely bilateral vasospasm of the feet and hand (Raynaud's)." (Tr. 589).

Because the ALJ ignored medical evidence favorable to plaintiff's claim, his credibility findings, his weighing of the medical opinions and his RFC assessment were not supported by substantial evidence.  **Myles v. Astrue, 582 F.3d 672, 678 (7th Cir. 2009); Villano v. Astrue, 556 F.3d 558, 563 (7th Cir. 2009).**

The Commissioner concedes that the ALJ "did not explicitly discuss all of the evidence regarding the numbness in Plaintiff's feet. . . ."  (Doc. 26, p. 2).  She argues that, even though he ignored this evidence, the ALJ still accounted for all of plaintiff's limitations in his RFC assessment.  The Court cannot accept this argument.  The ALJ explicitly rejected plaintiff's claim that he had to elevate his legs to relieve numbness in his feet, and no such limitation was included in the hypothetical question that was posed to the VE.  Accordingly, defendant's objections are denied, and the Court adopts the findings set forth in its Report and Recommendation.

While he is not required to discuss every piece of evidence in his decision, the ALJ's discussion must be sufficient to "provide 'an accurate and logical bridge' between the evidence and his conclusions." **Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013)**, internal citations omitted.  Here, ALJ Hafer's selective consideration of the medical evidence requires remand.

## Conclusion

For the reasons discussed in the Report and Recommendation **(Doc. 25)**, the final decision of the Commissioner of Social Security denying plaintiff's application for benefits is REVERSED and REMANDED pursuant to sentence **four** of 42 U.S.C. § 405(g).

The Clerk of Court shall enter judgment in favor of plaintiff.  *Shalala v. Schaefer*, **509 U.S. 292, 297-298 (1993).**

**IT IS SO ORDERED.**

**DATE:  February 5, 2014**.

                                           **s/ Clifford J. Proud**
                                           **CLIFFORD J. PROUD**
                                           **UNITD STATES MAGISTRATE JUDGE**